FILED
CLERK, U.S. DISTRICT COURT
AUG 10 2026
CENTRAL DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCELINO VASQUEZ-BRAULIO,

Defendant.

Case No. 26-MJ-4721

ORDER OF DETENTION

[Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. §§ 3143(a)(1), 3148(b)]

I.

On August 10, 2026, Defendant Marcelino Vasquez-Braulio made his initial appearance in this district on the petition for warrant to revoke supervised release and warrant for arrest issued in the Western District of Texas on July 11, 2024. Deputy Federal Public Defender, Michael Brown, was appointed to represent Defendant. The government was represented by Assistant United States Attorney

Chris Bulut. Defendant submitted on the recommendation of detention in the report prepared by U.S. Probation and Pretrial Services.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ allegations in the petition: In 2019, Defendant was ordered not to reenter the United States without permission; Defendant was arrested for DUI in Santa Barbara, California on July 3, 2024.

Defendant is a citizen of Mexico with family ties to Mexico, and his background information is unverified.

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ Defendant has a misdemeanor DUI conviction in 2024, while he was supervised release; Defendant has a prior supervised release revocation

☒ allegations in the petition (see above)

III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Western District of Texas.

The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this

information to DFPD Brown in order to monitor the status of Defendant's transportation to, and arrival in, the charging district for her next appearance.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: August 10, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE